DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDNA L. GUETTLER LC, LLC,** a Florida limited liability company,
Appellant,

v.

**ST. LUCIE COUNTY, FLORIDA,**
a political subdivision of the State of Florida, and
**VERO PRODUCERS, INC.,** a Florida corporation,
Appellees.

No. 4D2023-1264

[August 21, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562019CA000701A.

Eric M. Levine and Adam G. Schwartz of Atlas | Solomon, PLLC, Stuart, for appellant.

Casey Walker of Murphy & Walker, P.L., Vero Beach, for appellee Vero Producers, Inc.

PER CURIAM.

*Affirmed.*

GERBER and KUNTZ, JJ., concur.
WARNER, J., concurs in part and dissents in part with opinion.

WARNER, J., concurring in part and dissenting in part.

This appeal arises from a thorough final judgment determining that appellee, the dominant owner of an easement, did not fail to comply with the covenants of a sixty-year-old easement. The easement originally provided for a private right of way between the plaintiff's predecessor's cattle ranch and the dominant owner's cattle ranch. Thirty years later, the dominant owner sold his ranch to appellee, who planted an orange grove. To maintain the grove, the new dominant owner needed the cooperation of another adjacent landowner and executed an easement to

the adjacent owner to use the property as a private right of way. Because the dominant owner did not have the authority to grant the easement, the dominant owner requested that the servient owner execute an easement allowing for this use, and the evidence showed that the servient owner agreed. Unfortunately, however, the servient owner had placed the property in the plaintiff corporation. Although the original servient owners were the officers of the corporation and signed the new easement individually, no one signed for the corporation, rendering the easement ineffectual. No one challenged the easement, and the easement was used by both the dominant owner and its adjacent landowner for another thirty years without incident. I agree with the trial court that competent substantial evidence shows that appellant waived and was estopped from denying the validity of the easement.

In addition, the trial court granted a permanent injunction against the servient owner because it found that the servient owner was essentially harassing the dominant owner and the users of the right of way by: (1) installing multiple "gap gates" to prevent cattle movement, but cattle did not use the easement and the gates unduly impeded use of the right of way; (2) erecting confusing signs imposing rules on use of the right of way, including the tonnage of trucks; and (3) posting armed guards who demanded IDs for persons using the easement.

The trial court entered a mandatory injunction required appellant to remove the "gap gates" and:

> (ii.) to promptly equip the two remaining metal cow gates on the north end and south end of the Easement Area with (a) an electronic means of entry such as a keypad or remote controller or (b) a combination lock with the combination provided to VPI (if there is concern that cattle may enter onto the roadway, Plaintiff may install a private use cattle guard with an H-15 -12 tons per axle load rating); and (iii.) to promptly remove from the Easement Area all of the confusing and misleading signs which are posted thereon.

The trial court also entered a prohibitory injunction:

> (i.) prohibiting Plaintiff from placing any new or additional permanent obstructions in the Easement Area . . . (ii.) prohibiting Plaintiff from placing any new or additional confusing and/or misleading signage in the Easement Area (The parties may mutually agree to the placement of limited reasonable signage regarding the safe use of the easement

2

roadway); and, (iii.) prohibiting Plaintiff from having any guards or other personnel harassing or interfering with the rights of VPI or its invitees to utilize the Easement Area.

As to the mandatory injunction requirement that appellant install an electronic gate or a manual gate with a lock, no evidence was adduced regarding the necessity of replacing the existing gates. Because of this deficiency, I conclude that the trial court went beyond the pleadings and evidence. As to the removal of "confusing and misleading signs" and the prohibition of posting any "new or additional confusing and/or misleading signage in the Easement Area," these terms are too vague to be enforced. If the court intended to require the removal of signs which created restrictions on the use of the easement greater than what is contained in its terms, it should have used more specific language. As the injunction is written, a sign which says "No trespassing" would not be allowed, even though the easement area is not open to the public, and incidents of trespass and vandalism on the servient property have occurred. Finally, prohibiting appellant from "having any guards or other personnel harassing or interfering with the rights of the VPI or its invitees to utilize the Easement Area" interferes with appellant's own right to protect its property, as there was evidence of trespass and vandalism, including the death of cattle. Certainly, guards have no right to "harass" the dominant owner's invitees, but posting of an armed guard to protect the servient owner's property is not necessarily harassment. As appellant points out in its brief, "[i]f merely having a guard check identification is itself harassing interference with access, every gated community in Florida should be on notice." On these points, I would reverse for the trial court to reconsider and narrow the permanent injunction.

\*       \*       \*

**_Not final until disposition of timely filed motion for rehearing._**